IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TODD PHILLIPS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0098 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DISMISS
# PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TODD PHILLIPS. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

## I.
## PROCEDURAL HISTORY[1]

On July 8, 2001, in the 100th Judicial District Court of Donley County, Texas, petitioner was charged by complaint with the offense of aggravated assault under section 22.02 of the Texas Penal Code, a second degree felony. Specifically it was alleged that on or about July 8, 2001, petitioner

---

[1] The procedural history is based exclusively upon petitioner's memorandum submitted to this Court with his habeas application and online court documents.

HAB54\R&R\PHILLIPS-98.SOL-NOAPP:2

did:

> [I]ntentionally and knowingly threaten another with imminent bodily injury while in use of a deadly weapon which by its use or intended use is capable of causing serious bodily injury or death during the commission of the assault, to wit: by throwing Greg Wotten into the front of an oncoming motor vehicle which was then traveling on Highway 287.

On November 13, 2001, petitioner appeared before the state trial court for a guilty plea hearing. It was discovered, however, that petitioner had not been served a copy of the indictment. In that indictment, petitioner was charged with the offense of attempted murder under sections 15.01 and 19.02 of the Texas Penal Code, a second degree felony, rather than aggravated assault. Specifically it was alleged that on or about July 8, 2001, petitioner did:

> "[W]ith the specific intent to commit the offense of muder, do an act, to-wit: held Greg Wooten and throw him into the path of an oncoming tractor-trailer rig, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

On that same date, November 13, 2001, after conferring with counsel and expressing his "concern and disapproval" at being charged with attempted murder, petitioner nonetheless pled guilty to the indicted charge of attempted murder. According to the online Offender Information Detail maintained by the Texas Department of Criminal Justice, petitioner was convicted, on May 22, 2002, of the offense of attempted murder and was sentenced to sixteen (16) years imprisonment in the Texas Department of Criminal Justice, Institutional Division.[2] *See State v. Phillips*, Cause No. 3034. Petitioner did not appeal his conviction or sentence to the state appellate court.

Petitioner advises that on October 22, 2010, he filed a state application for a writ of habeas corpus challenging his conviction, alleging ineffective assistance of counsel in the plea bargaining process. On February 2, 2011, the Texas Court of Criminal Appeals denied petitioner's application

---

[2]Petitioner was also convicted, on May 22, 2002, of the felony offense of burglary of a building and sentenced to two (2) years imprisonment. *State v. Phillips*, Cause No. 3016.

without written order. *Ex parte Phillips*, Application No. 75,292-01.

On March 24, 2011, petitioner, an inmate at the Scott Unit, placed the instant federal habeas corpus application in the prison mail system. In his application was received by and filed with the United States District Court for the Southern District of Texas, Galveston Division, on March 25, 2011. On May 10, 2011, the Southern District court transferred the case to this court.

II.
ALLEGATIONS

By his federal habeas application, petitioner alleges his conviction and sentence violate his rights under the United States Constitution because:

> Petitioner was denied effective assistance of trial counsel because counsel improperly advised petitioner to plead guilty to "a higher offense than initially charged, with no additional evidence to warrant the new charge."

III.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's claims relate only to the validity of his May 22, 2002 conviction. The record does not reflect that any unconstitutional State action prevented petitioner from filing this federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's 16-year sentence on May 22, 2002. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). As petitioner did not file a Notice of Appeal, the time period in which to file an appeal challenging his conviction expired June 21, 2002. Petitioner's conviction thus became final as of that date. Consequently, any federal application for a writ of habeas corpus challenging petitioner's conviction was due on or before June 21, 2003, subject to any applicable tolling.

Petitioner represents he filed a state habeas corpus application on October 22, 2010. The Court of Criminal Appeals website indicates it received petitioner's application on January 13,

2011, and denied the application without written order on February 2, 2011. *In re Phillips*, WR-75,292-01. Petitioner's state application was filed more than seven (7) years after the one-year limitations period for filing a federal habeas corpus application expired. The limitation period is only tolled when a properly filed application for State post-conviction relief is initiated *within* the 1-year limitation period. Because petitioner did not file his state habeas corpus application challenging his conviction within one year after June 21, 2002, the date the conviction became final, the state habeas petition did not statutorily toll the AEDPA time period.

Absent any tolling, petitioner's federal habeas corpus petition was due June 21, 2003. Petitioner did not file his federal petition until March 25, 2011, almost eight (8) years after it was due.

In his memorandum, petitioner notes counsel advised him there would be no difference between pleading guilty to a charge of attempted murder as compared to a charge of aggravated assault because the offenses carried the same range of punishment. Petitioner contends, however, that his plea to attempted murder "obviously has greater consequences; especially, upon incarceration and consideration for parole from which Phillips has been experiencing." If, by these statements, petitioner is attempting to make an argument that the limitation period should be equitably tolled in this case, the undersigned finds the circumstances here do not qualify as rare and exceptional circumstances justifying equitable tolling. Moreover, the doctrine of equitable tolling is not applied where a petitioner has failed to pursue relief diligently. Consequently, petitioner's federal habeas application is time barred under the AEDPA and should be dismissed.

IV.
# RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner TODD PHILLIPS be DISMISSED as time barred.

V.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of June, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the

Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).