IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TODD PHILLIPS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0098 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner TODD PHILLIPS has filed with this Court an application for a writ of habeas corpus by a person in state custody. By his application, petitioner alleges he was denied effective assistance of counsel with regard to his guilty plea to the 2nd degree felony offense of attempted murder in 2001 because counsel advised petitioner to plead guilty to a "higher offense than initially charged," with no additional evidence to warrant the new charge." In the "arguments" section of an accompanying memorandum, petitioner appears to contend counsel was ineffective because he: (1) failed to conduct a proper investigation prior to advising petitioner to plead guilty to the original complaint charging aggravated assault or the indictment charging attempted murder; (2) failed to inform petitioner, prior to the guilty plea hearing, that he had been indicted for attempted murder, a "higher" or "greater" offense,[1] rather than aggravated assault as originally charged by complaint; and (3) failed to challenge the indictment

---

[1]Petitioner included the explanatory sentence, "an offense which obviously has greater consequences; especially, upon incarceration and consideration for parole from which [petitioner] has been experiencing."

charging attempted murder in any way. Petitioner alleged that but for counsel's deficiencies, there is a reasonable probability that he would not have pled guilty but would have, instead, insisted on going to trial. Petitioner also made a non-specific, unsupported statement that his plea was involuntary because the advice he received from counsel was incorrect.

On June 27, 2011, the undersigned issued a Report and Recommendation, recommending the habeas petition challenging his 2001 conviction be dismissed as time barred because petitioner did not bring his claims within one year of the conviction becoming final. In the Report and Recommendation, the Court noted petitioner's comment that counsel misadvised him as to the consequences of pleading to attempted murder as opposed to aggravated assault. Construing such comments as an argument for equitable tolling, the undersigned found the circumstances did not justify equitable tolling.

On July 8, 2011, petitioner filed objections to the Report and Recommendation. By his objections, petitioner argues the statute of limitations did not begin to run in this case when his conviction became final but, instead, began to run on the date on which the factual predicate of his claims could have been discovered through the exercise of due diligence. Petitioner contends he could not have discovered the factual bases for his claims until he began "experiencing negative consequences upon incarceration and consideration for parole." Petitioner contends the limitation period thus began on October 13, 2010, the date he received notification he had been denied parole.[2]

By his objections, petitioner appears to be clarifying a fourth argument or ground for relief not specifically alleged in his earlier pleadings, *i.e.*, that counsel was ineffective because he – (4) misadvised petitioner that pleading guilty to the attempted murder offense would carry the same range of punishment as pleading to the aggravated assault offense so that there would be "no difference" in the result of his plea. Petitioner appears to contend there was, in fact, a

---

[2]Petitioner quotes the stated reasons given by the Parole Board in its notice of denial.

"difference" and, as a result of this misadvice, he pled guilty to an offense with "greater consequences" upon incarceration and in consideration for parole.

Petitioner clearly was aware of his first three (3) claims when his conviction became final. Consequently, as set forth in the Report and Recommendation filed June 27, 2011, the statute of limitations began to run on June 21, 2002 as to these claims and any federal habeas application was due on or before June 21, 2002, subject to applicable tolling. Petitioner's first three (3) claims are time barred. With regard to this fourth claim, *i.e.*, misadvice as to the consequences of his guilty plea to the attempted murder charge, petitioner appears to be arguing he would not be "experiencing negative consequences upon incarceration and [in] consideration for parole" but for counsel's alleged erroneous advice that his conviction for attempted murder as opposed to aggravated assault "makes no difference" as exemplified by his recent denial for parole.[3] Petitioner further alleges he could not have learned such advice was erroneous until he suffered the negative consequences of denial of parole.

By supplementing this ground with more specificity, petitioner has presented an issue which should be further addressed. Consequently, the Court will issue an Order to Show Cause, under separate cover, requiring a responsive pleading from respondent as to petitioner's fourth ground for relief.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge, for the reasons stated herein and for the reasons set forth in the Report and Recommendation filed June 27, 2011, that the claims above-identified as grounds (1) - (3) of the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner TODD PHILLIPS be DISMISSED as time barred.

---

[3] Inherent in petitioner's argument is the claim that, all things the same, petitioner would have been granted parole if his conviction were for aggravated assault rather than attempted murder.

Under separate cover, the undersigned Magistrate Judge will order respondent to answer the claim above-identified as ground (4). No ruling is herein made as to that claim with regard to limitations, exhaustion, and/or other defenses.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of July, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).